IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IJAZ KEMALKHEL KHAN, §<br>　　　　Petitioner, §<br>　　　　　　　　　　　§<br>v. 　　　　　　　　　　§<br>　　　　　　　　　　　§<br>JIMMY JOHNSON, et al., §<br>　　　　Respondents. § | No. 3:21-cv-00049-L (BT) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Ijaz Kemalkhel Khan, a native and citizen of Pakistan in the custody of the U.S. Immigration and Customs Enforcement (ICE), filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. However, Khan was recently deported. Before he was removed, he failed to provide the Court with necessary information to screen his case. Now, the Court has no way of communicating with him. Under the circumstances, the Court should dismiss his case without prejudice under Rule 41(b).

On January 11, 2021, the Court sent copies of case opening documents and a copy of the notice and instructions to a *pro* se party to Khan at the Prairieland Detention Center in Alvarado, Texas. The next day, the Court sent Khan a Notice of Deficiency and Order (ECF No. 4) that directed him to file his habeas corpus pleadings on the court-approved form. The order informed Khan that failure to respond and cure the deficiency within 30 days could result in a recommendation that his case be dismissed.

On January 20, 2021, the case opening documents and the notice and instructions to a *pro* se party were returned to the Court as unable to be delivered, and there was no forwarding address. On January 22, 2021, the Notice of Deficiency and Order was returned as undeliverable and unable to forward.

On January 20, 2020, however, the Court also received correspondence from Khan stating that he had a new address at the Florence Processing Center-ICE in Florence, Arizona. The next day, on January 21, 2021, the Court sent the case opening documents, the notice and instructions to a *pro* se party, and the Notice of Deficiency and Order to Khan at his new address.

On February 5, 2021, the mail sent out to Khan on January 21, 2021 was returned. The envelope stated that Khan was deported on January 18, 2021.

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

This litigation cannot proceed because Khan failed to provide the Court with a habeas petition on the court-approved form that would contain the necessary information to screen his case. Also, the Court has no means to communicate with Khan. On January 12, 2021, the Court mailed Khan a Notice of Deficiency and Order directing him to put his habeas pleadings on the proper form. (ECF No. 4.) The Court sent the Notice of Deficiency and Order to Khan at Prairieland Detention Center in Alvarado, Texas, the only address the Court had for Khan. On January 22, 2021, that mail was received back from Prairieland Detention Center and was marked, "Return to Sender – Attempted – Not Known – Unable to Forward." (ECF No. 7.) On February 5, 2021, Khan's mail was received back from Florence Processing Center-ICE in Florence, Arizona, marked "Not Deliverable As Addressed-Unable to Forward." (ECF No. 8.) In in a handwritten note on the envelope it states, "Deport 1-18-21." *Id.* 1. This litigation cannot proceed until Khan cures the deficiency addressed in his Notice of Deficiency and Order. Moreover, by failing to provide the Court with a current address, Khan has failed to prosecute his lawsuit. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Khan's case without prejudice under Rule 41(b).

Signed February 25 , 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).